875 A.2d 955

JAMES J. MURPHY, PLAINTIFF–APPELLANT, v. NEW ROAD CONSTRUCTION, AND KANALSTEIN, DANTON AND JOHNS, P.A., DEFENDANTS, AND CANNON GROUP, DEFEN-DANT/THIRD–PARTY PLAINTIFF–RESPONDENT, v. MCMUL-LEN ROOFING, THIRD–PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued October 5, 2004—Decided June 13, 2005.

Before Judges KESTIN, ALLEY and FALCONE.

*Robert G. Devine,* argued the cause for appellant (*White and Williams,* attorneys; *Daniel J. O'Brien* and *Mr. Devine,* on the brief).

*John M. Becker,* argued the cause for defendant/third-party plaintiff-respondent (*Thompson Becker & Bothwell,* attorneys; *Kevin M. Bothwell,* on the brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

Plaintiff appeals from the trial court's order of March 8, 2002, dismissing his claim against defendant Cannon Group (Cannon) on the basis that an affidavit of merit was required by *N.J.S.A.*

2A:53A–26 to –29 and had not been provided. During the course of these proceedings, before and since the notice of appeal was filed, plaintiff's claims against the two other defendants, New Road Construction (New Road) and Kanalstein, Danton and Johns, P.A. (KDJ), which had been addressed on motions for summary judgment, were settled.

On appeal, plaintiff contends that an affidavit of merit was not required because the negligence attributed in this matter to Cannon, an architectural firm which also performs non-architectural services, arose in the context of non-architectural work, specifically roof consulting as a subcontractor to New Road, a construction management firm which did not have an architectural license. Plaintiff contends, further, that the common knowledge exception to the affidavit of merit requirement, *see Hubbard v. Reed*, 168 *N.J.* 387, 390, 774 *A.*2d 495 (2001), governs; that the instant grant of summary judgment to Cannon in the face of a subsequent denial of New Road's motion for summary judgment on a similar ground is an inconsistent result that should not be countenanced; and that the existence of factual issues precluded this grant of summary judgment. Cannon responds, inter alia, by arguing that the affidavit of merit requirement is mandatory, and that the argument regarding the applicability of the common knowledge exception should be disregarded because it was not advanced to the trial court.

In November 1996, the Mount Laurel Township Board of Education (Board) awarded KDJ a contract to perform architectural services in conjunction with various projects. KDJ, in turn, hired Cannon, an architectural firm specializing in roofing work, to assist in the preparation of plans and specifications for the roof replacements and related work at the Harrington and Hillside Schools. KDJ and Cannon did not enter into a written contract. Working in conjunction, however, they prepared a set of architectural plans for new roof work at both Harrington and Hillside Schools, and they collaborated in the preparation of the specifications for the projects.

A year after retaining KDJ, the Board contracted with New Road to perform various services related to the construction projects, including project administration, review of the architect's submissions to approving authorities, review of the architect's probable construction costs, review and management of the design, assisting with bidding and/or negotiations, review of the construction agreement, and clerk-of-the-work responsibilities. According to Cannon's principal, New Road engaged Cannon, also without a written contract, to assist in the performance of New Road's contractual responsibilities, including "as an inspector on the roof during construction."

During the course of the construction projects, Cannon, ostensibly at New Road's behest by way of discharging the latter's construction management contract responsibilities to the Board, had sent three retired Union roofers to perform inspection work. Their role was to ensure, inter alia, that a roofing contractor, McMullen Roofing Company, performed its job in compliance with its contract with the Board and applicable standards of law.

On June 29, 1998, plaintiff, while performing his work as an employee of McMullen Roofing Company, fell some forty feet from the roof of the Harrington School. He alleges "catastrophic . . . injuries."

█ Our review of the permissible record * in the light of the arguments advanced by the parties and prevailing principles of law discloses that plaintiff's claims were not amenable to resolution on summary judgment. It is clear that plaintiff, in the absence of an affidavit of merit, may not prevail against Cannon to the extent any of his claims relate to Cannon's exercise of the functions of a licensed architect. But the question of Cannon's status in respect of the allegations at the heart of plaintiff's claim

---

* In an order entered on November 3, 2003, disposing of Cannon's motion to strike portions of plaintiff's brief and appendix on appeal, we declared that we would "not consider matter that was not before the trial court or that is expressly precluded by the rules of court or otherwise impermissible."

is, itself, an issue of fact that must be resolved before Cannon's amenability to plaintiff's ordinary negligence cause of action may be determined.

As the motion judge himself recognized, Cannon's trial court motion to dismiss was, in every meaningful sense, a motion for summary judgment because it called for an assessment of facts beyond those pled. *See* Pressler, *Current N.J. Current Court Rules,* comment 4.1 to *R.* 4:6–2 (2005). On a motion for summary judgment, the court is required to view the showings and contentions "in the light most favorable to the non-moving party[.]" *Brill v. Guardian Life Ins. Co.,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995). Thus, plaintiff is entitled to indulgent consideration of his contention that the acts or omissions attributed to Cannon as a proximate cause of plaintiff's injuries were not those of an architect, but rather were performed under another aegis entirely.

We take the parties' arguments to be based, for the purposes of summary judgment, upon the premise that New Road is not covered by the affidavit of merit statute. There is sufficient power to defeat summary judgment in the argument that, when Cannon agreed to work for New Road in discharging the latter's functions, Cannon became subject, in the performance of those very responsibilities, to the legal standards governing New Road. Such involvement as Cannon may have had in the project, earlier or later, as an architectural entity may reasonably be seen to have been performed on a separate and distinct plane of relationship and function. We discern no basis within the public policy underpinnings of the affidavit of merit statute that requires it to be broadly applied to a covered person or entity even when that person or entity functions in some other manner, especially on behalf of a third party involved in a complex project which cannot claim the benefit of the statute. *Cf. Blatterfein v. Larken Assocs.,* 323 *N.J.Super.* 167, 181–83, 732 *A.*2d 555 (App.Div.1999).

Whether those of Cannon's activities that had a bearing on the misfortune that befell plaintiff were part of Cannon's responsibilities as an architect connected with the project or, instead, were

separate functions in assisting the construction manager, is manifestly a question of fact. That question may require expert testimony to enable the finder of fact to make a fair and thorough assessment of Cannon's role here, based upon standards and practices that prevail in the profession of architecture. Resolution of the issue will also require showings and discrete assessments regarding Cannon's conduct in the several capacities in which it functioned on the projects.

By not producing an affidavit of merit, plaintiff may be seen to have placed all his eggs in the ordinary negligence basket without alleging professional negligence as well. Plaintiff is entitled to do that. The viability of his chosen approach remains to be determined after a finder of fact has had the opportunity, with the evidentiary wherewithal required, to make a fair determination on the scope-of-services question. The issue was not suitable for resolution on a motion for summary judgment.

We do not address any of the other issues advanced by plaintiff. We hold only that he was entitled to a fuller opportunity than he was given to establish—as a matter of fact in the light of the relationships between the various defendants, the functions they were engaged to perform, and the functions they were actually performing—that, given the duties Cannon was discharging that bore upon the incurrence of the injuries giving rise to plaintiffs' claim, Cannon was not entitled to claim the benefit of the affidavit of merit statute simply because of its status as a licensed architect when due regard is given to its functions in other phases of the projects involved.

Reversed and remanded.