**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4268-17T3

J.M.,

     Plaintiff-Appellant,

v.

IJKG-OPCO, LLC, d/b/a CAREPOINT
HEALTH-BAYONNE MEDICAL
CENTER,

     Defendant/Third-Party
     Plaintiff-Respondent,

v.

DETRA BALDWIN,

     Third-Party Defendant.

_____

Submitted February 5, 2019 – Decided March 25, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4792-16.

Timothy J. Foley argued the cause for appellant (Foley & Foley, attorneys; Timothy J. Foley and Sherry L. Foley, of counsel and on the briefs).

David C. Donohue argued the cause for respondent (Farkas & Donohue, LLC, attorneys; David C. Donohue, of counsel; Gary W. Baldwin, on the brief).

PER CURIAM

The estate of plaintiff J.M. appeals from an April 13, 2018 order dismissing her complaint against defendant IJKG-OPCO, LLC d/b/a CarePoint Health-Bayonne Medical Center (CarePoint) for failure to file an affidavit of merit.[1] We reverse because some of the claims asserted in plaintiff's complaint suggest claims that do not require an affidavit of merit. Thus, we remand for further proceedings.

I.

Plaintiff's complaint was dismissed on a motion under Rule 4:6-2(e). Accordingly, we consider "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).

On December 4, 2014, plaintiff was a patient at CarePoint, which is a hospital. Another patient (the roommate) was assigned by personnel at

---

[1] Because this appeal involves healthcare provided to plaintiff, we use initials to protect her privacy interests.

CarePoint to share plaintiff's hospital room. Plaintiff alleges that the roommate assaulted her by dragging her from her hospital bed onto the floor. As a result, plaintiff's leg was injured and had to be amputated.

On December 2, 2016, plaintiff filed a complaint against CarePoint and various personnel who worked at the hospital. The complaint asserted that CarePoint and its personnel knew or should have known that the roommate posed a danger to plaintiff and they negligently failed to protect plaintiff. Among other allegations, plaintiff asserts that CarePoint and its personnel had actual or constructive knowledge of the roommate's "dangerous propensities" and those propensities created a foreseeable risk to plaintiff. Plaintiff also asserted claims for negligent and intentional infliction of emotional distress. After the complaint was filed, plaintiff died. Consequently, her estate is now pursuing her claims.

CarePoint filed an answer in June 2017. In its answer, CarePoint made a demand that an affidavit of merit be filed within sixty days. No affidavit of merit was filed. Thus, in March 2018, CarePoint filed a motion to dismiss plaintiff's complaint because plaintiff had failed to submit an affidavit of merit. Plaintiff opposed that motion arguing that an affidavit was not necessary

A-4268-17T3

because her allegations were based on general negligence, rather than medical malpractice.

In support of its motion to dismiss, CarePoint contended that plaintiff was at the hospital because she had broken her leg. CarePoint also asserted that the roommate pulled plaintiff by her legs "in an apparently misguided attempt" to assist plaintiff to go to the bathroom. Those factual allegations were not set forth in any pleading or certification. Instead, they were contained in a reply letter brief submitted by counsel for CarePoint.[2]

On April 13, 2018, the court entered an order dismissing plaintiff's complaint with prejudice. On that same day, the court set forth the reasons for its ruling on the record, without hearing oral arguments and without any appearance by counsel or the parties. In its oral decision, the court reasoned that plaintiff needed to show a deviation from a professional standard of care to pursue claims against CarePoint and its personnel. In that regard, the trial court reasoned:

---

[2] In her complaint, plaintiff identified the roommate as a defendant, but apparently did not know the roommate's name because she was identified as "Jane Doe Assailant." CarePoint asserted a crossclaim against the roommate. CarePoint disclosed the name of the roommate in the papers it filed in support of its motion to dismiss. Counsel for plaintiff and CarePoint informed us that the roommate was never served with the complaint or crossclaim and she has never been joined in the action.

A-4268-17T3

> Here, the only method by which the plaintiff can establish a cause of action successfully against the hospital is proof of a deviation of a standard of care regarding training or supervision of the healthcare staff as to the screening of the mental status of the roommate, as well as the consequent placement decisions. This would require expert testimony, and, as such, the need for an [a]ffidavit of merit.

Because plaintiff had submitted no affidavit of merit within the time prescribed, the trial court dismissed all of plaintiff's claims. Plaintiff now appeals.

## II.

On appeal, plaintiff makes two arguments. She contends that the trial court erred in dismissing her complaint because (1) her claims did not require an affidavit of merit; and (2) the trial court inappropriately relied on information outside the pleadings and effectively considered the motion as a motion for summary judgment without allowing plaintiff an opportunity to oppose summary judgment.

We use a de novo standard to review the dismissal of a complaint for failure to state a claim. J-M Mfg. Co., Inc. v. Phillips & Cohen, LLP, 443 N.J. Super. 447, 453 (App. Div. 2015) (citing Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005)). Our inquiry is focused on "examining the legal sufficiency of the facts alleged on the face of the complaint." Green v. Morgan Props., 215 N.J. 431, 451 (2013) (quoting Printing Mart-Morristown v. Sharp

A-4268-17T3

Elecs. Corp., 116 N.J. 739, 746 (1989)). Thus, we must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim[.]"  Major v. Maguire, 224 N.J. 1, 26 (2016) (quoting Printing Mart-Morristown, 116 N.J. at 746).  "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint. For purposes of analysis plaintiffs are entitled to every reasonable inference of fact."  Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012) (quoting Printing Mart-Morristown, 116 N.J. at 746).

The affidavit of merit statute provides, in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his [or her] profession or occupation, the plaintiff shall, . . . provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.
>
> [N.J.S.A. 2A:53A-27.]

An affidavit must be filed within sixty days of the filing of an answer. Ibid.  If, however, an affidavit is provided after sixty days, but within 120 days

after an answer is filed, the affidavit will be deemed timely, provided (1) leave to file is sought, and (2) good cause for the delay is established. Paragon Contractors, Inc. v. Peachtree Condo. Ass'n, 202 N.J. 415, 422 (2010) (citing Burns v. Belafsky, 166 N.J. 466, 475-77 (2001)). The purpose of the statute is "to weed out frivolous claims against licensed professionals early in the litigation process." Meehan v. Antonellis, 226 N.J. 216, 228 (2016) (citing Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144, 146 (2003)).

"[S]ubmission of an appropriate affidavit of merit is considered an element of the claim." Ibid. Accordingly, if an affidavit is not provided within 120 days of the answer, the claims will generally be dismissed with prejudice. Paragon, 202 N.J. at 422 (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 247 (1998)).

Not every claim against a licensed person requires an affidavit of merit. A plaintiff does not need an affidavit if defendant's negligence is a matter of common knowledge. Palanque v. Lambert-Woolley, 168 N.J. 398, 406 (2001) (citing Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 394 (2001)). The common-knowledge doctrine applies where "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the

specialized knowledge of experts." Hubbard, 168 N.J. at 394 (quoting Estate of Chin v. St. Barnabas Med. Ctr., 160 N.J. 454, 469 (1999)). Thus, even when claims of simple negligence are asserted against a licensed medical facility, such as a hospital, an affidavit of merit is not required because jurors are competent to assess simple negligence occurring in a hospital without expert testimony to establish a standard of care. See Nowacki v. Cmty. Med. Ctr., 279 N.J. Super. 276, 292 (App. Div. 1995).

Determining whether a matter alleges professional negligence or ordinary negligence involves scrutiny of the legal claims alleged. Couri v. Gardner, 173 N.J. 328, 340-41 (2002). A court must consider "whether a claim's underlying factual allegations require proof of a deviation from a professional standard of care," or ordinary negligence, as only the former claims require an affidavit of merit. Id. at 341. To make that determination, our Supreme Court has explained:

> There are three elements to consider when analyzing whether the [affidavit of merit] statute applies to a particular claim: (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint . . . fell outside acceptable

professional or occupational standards or treatment practices" (standard of care).

[Id. at 334 (quoting N.J.S.A. 2A:53A-27).]

"It is not the label placed on the action that is pivotal but the nature of the legal inquiry." Id. at 340. Identifying the nature of the legal inquiry is a question of law that the court makes. Ibid.

Here, plaintiff contends she is not making malpractice claims against CarePoint. Instead, she is asserting simple or ordinary negligence; that is, CarePoint and its personnel knew or should have known that the roommate was dangerous and that she posed a risk of harming plaintiff. Moreover, plaintiff asserts that CarePoint was negligent in not protecting plaintiff from a foreseeable risk. A generous reading of plaintiff's complaint supports a claim of simple negligence.

The success of such a simple negligence claim will depend on why the roommate "assaulted" plaintiff and whether CarePoint or its personnel knew or should have known that the roommate might assault plaintiff. The current record does not contain that information. Instead, that information will have to be developed through discovery. On this appeal, we hold only that plaintiff is to be given an opportunity to take discovery to see if she can establish her claims of simple negligence.

We further note, however, that by not producing an affidavit of merit, plaintiff has foreclosed her opportunity to assert any claim based on a deviation from a professional standard of care. See Murphy v. New Road Constr., 378 N.J. Super. 238, 243 (App. Div. 2005) (explaining that when a plaintiff does not produce a timely affidavit of merit, he or she will "have placed all his [or her] eggs in the ordinary negligence basket"). Consequently, on remand, plaintiff can only pursue claims of simple negligence, and she will be precluded from relying on any claim of a deviation from a professional standard or offering an expert to discuss such a deviation.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4268-17T3